UNITED STATES COURT OF APPEALS

**Filed 12/16/96**

FOR THE TENTH CIRCUIT

JOHN G. WESTINE, JR.,

      Petitioner-Appellant,

v.

BUREAU OF PRISONS; W. A.
PERRILL, Warden, FCI Englewood,

      Respondents-Appellees.

Nos. 95-1362
&
96-1019
(D.C. Nos. 95-M-1846
&
95-S-2445)
(D. Colo.)

ORDER AND JUDGMENT*

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,** District
Judge.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     Honorable John W. Lungstrum, District Judge, United States District Court
for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Plaintiff John G. Westine, Jr. appeals from orders of the district court dismissing his petitions for relief filed pursuant to 28 U.S.C. § 2241. We affirm.

Westine filed two consecutive § 2241 petitions. In both, he raised the same issues regarding his placement in administrative detention. The district court dismissed both petitions on the grounds Westine had failed to exhaust his administrative remedies.

The Bureau of Prisons has established a grievance procedure for inmates to follow by which they may seek formal review of issues relating to their confinement. See 28 C.F.R. §§ 542.10-542.19. We have held it necessary that inmates follow the grievance procedure prior to filing suit in federal court in order to possibly resolve issues, reduce court intrusion into prison administrations, and provide some fact-finding so that if the matter reaches the court system, the court will have a starting place for understanding and resolving the matter. See Brice v. Day, 604 F.2d 664, 666-67 (10th Cir. 1979), abrogated on other grounds by McCarthy v. Madigan, 503 U.S. 140 (1992). This requirement may be waived if the inmate can show that requiring exhaustion

-2-

would prejudice his claim, the remedy is inadequate, or the administrative body is biased.  See McCarthy, 503 U.S. at 146-48.

No. 95-1362

Westine filed this petition five days after he had been placed in detention. Clearly, he had not attempted to exhaust the Bureau of Prisons grievance procedure before filing this petition.  Westine made no showing as to why he should be excused from following the established procedures.  The district court correctly dismissed this petition.

No. 96-1019

After the district court entered judgment in No. 95-1362, Westine filed another petition for § 2241 relief.  In this petition, Westine raised the same grounds he raised in the prior petition; however, he asserted he had exhausted his administrative remedies.  The exhibits Westine attached to his petition showed he had filed a request for administrative relief regarding the fact that his legal mail was being opened by prison authorities, some of his legal mail was missing, and he was being denied "legal phone calls" since he had been placed in detention. The district court again dismissed the action because Westine had failed to exhaust his administrative remedies regarding the issue raised in his petition.  We

agree that Westine again failed to exhaust his administrative remedies.

The judgments of the district court are AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge